53 F.3d 333
 35 U.S.P.Q.2d 1062
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FORD MOTOR CO., Plaintiff-Appellee,
v.
Howard COOK and Gerald J. Millsap, individually and d/b/a
Cook Enterprises, Defendants-Appellants.
 No. 93-2732.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before EASTERBROOK, RIPPLES and ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 Woodstock Die Casting was an authorized supplier to Ford Motor Company. Among its products was the outer grille for some models. Woodstock bought inner grilles from another authorized Ford supplier, then assembled and sold complete grille units for the aftermarket. These units bore Ford's trademarks and part numbers. When Woodstock entered bankruptcy in 1990, it had on hand some 2,400 grilles for 1988 Lincoln Continental automobiles. Ford had instructed Woodstock not to ship these units, because Ford had changed the design (apparently the original design produced a whistling noise). Howard Cook bought the grilles from the bankruptcy liquidator for $200 (the lot was marked "assorted styrofoam plastic auto parts"); Cook then offered to sell them to Ford for $90,000, with the implicit threat of putting them on the general market if Ford did not pay. Instead of buying grilles for which it had no use, Ford filed this trademark litigation.
 
 
 2
 The district court concluded that the grilles cannot be sold with the Ford trademark because they are not "genuine" Ford parts. The court enjoined their sale with the trademark--subject to Ford's undertaking to obliterate the marks and return the grilles to Cook. The court also directed Cook to place a notice on another 1,000 older grilles that they have been stored for some time, and that only Cook Enterprises warrants their quality. Cook protests that the articles are "genuine" because Ford authorized Woodstock to apply its marks. But the Lanham Act forbids any sales that are "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. Sec.114(1)(a). The sale of obsolete parts, which the trademark owner thinks do not satisfy its quality standards, bids fair to cause confusion or to deceive customers. Ford did not authorize Woodstock to sell these parts; it told Woodstock not to sell them, and Ford declined to buy them from Woodstock for its own account. Trademark owners are entitled to police the quality of goods their licensees make and to restrict the sale of substandard items. Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 107 (4th Cir. 1991); El Greco Leather Products Co. v. Shoe World, 806 F.2d 392, 395 (2d Cir. 1986). Trademark owners also may forbid the sale of items that they have not inspected. General Electric Co. v. Speicher, 877 F.2d 531, 534-35 (7th Cir. 1989); Gorenstein Enterprises, Inc. v. Quality Care-USA Inc., 874 F.2d 431, 435 (7th Cir. 1989). Ford did not inspect and approve these grilles; instead it directed Woodstock not to sell them.
 
 
 3
 Cook believes that Ford should have ensured that Woodstock destroyed the obsolete grilles. Nothing in the Lanham Act places that burden on a trademark owner. Cook purchased the grilles from the liquidator without warranty, at a price reflecting scrap value. He is in no position to complain that Ford abandoned its rights by not riding herd on Woodstock more closely.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). Appellant Cook has filed such a statement. After considering that statement along with the briefs, the court has decided that oral argument is not necessary, so the appeal is submitted for decision on the briefs and record